## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA A. JENNER, on behalf of herself and others similarly situated, | |
| Plaintiffs, | Civil Action No. |
| v. | **JURY TRIAL DEMANDED** |
| SHECHTMAN HALPERIN SAVAGE, LLP, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Linda A. Jenner ("Ms. Jenner") brings this action on behalf of herself and all others similarly situated in order to obtain class-wide relief against the Defendant, Shechtman Halperin Savage, LLP ("Shechtman"), for its unfair and deceptive debt collection practices described herein.  For her Class Action Complaint, Ms. Jenner alleges as follows based on (a) personal knowledge, (b) investigation of counsel, and (c) information and belief:

### Introduction

1. Shechtman is a Rhode Island-based law firm, which devotes a substantial portion of its business to representing lenders in connection with their efforts to collect debts and conduct foreclosure sales of residential properties that secure those underlying debts.

2. Shechtman's attempts to collect on its clients' residential mortgage loans go far beyond what is legally permitted, however, because Shechtman sends debt collection letters to non-borrowers and non-mortgagors.  As explained herein, those letters are misleading and deceptive attempts to induce individuals who are not responsible for the debts Shechtman is collecting into making payments toward those debts.  These notices are not required by the foreclosure laws of Rhode Island and, as such, are a transparent attempt to confuse non-

borrowers and non-mortgagors into believing that they are responsible for making payments toward debts for which they have no liability or responsibility.

3. Shechtman is fully aware that it is sending debt collection notices to non-borrowers without any interest in the property. Ms. Jenner—who received a Shechtman collection letter regarding a residential mortgage loan owed by her deceased father—contacted the Shechtman firm to get information about this debt collection letter she received. Concerned that she was somehow responsible for her late father's debts, she tried three times to call Shechtman, but was ignored for a week. Finally, someone from that firm returned Ms. Jenner's call, collected information from Ms. Jenner, and told Ms. Jenner "don't worry about" the letter. But, of course, this just confirms that the collection letter should never have been sent out in the first place.

4. Accordingly, Ms. Jenner brings this action to hold Shechtman accountable for its debt collection practices, which are in violation of the Fair Debt Collection Practices Act (the "FDCPA").

## Venue and Jurisdiction

5. This court has jurisdiction under 28 USC § 1331 and 15 USC §1692k(d).

6. Venue is proper because Shechtman operates here and the complained-of conduct occurred here.

## Parties

7. Ms. Jenner is a resident of Providence, Rhode Island.

8. Shechtman is a law firm located at 1080 Main Street, Pawtucket, Rhode Island. In addition, Shechtman maintains offices in the states of Massachusetts, Connecticut, Maine, and Vermont.

9. Shechtman uses the mails and telephone system in conducting its business.

10. Shechtman is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11. Shechtman's principal business purpose is the collection of debts and Shechtman regularly attempts to collect debts alleged to be due another.

### Factual Allegations Related to Ms. Jenner

12. On or about July 13, 2017, Ms. Jenner received, at her home, a letter from Shechtman regarding "119 Twin Brook Lane, Coventry, RI" and "Loan # []5650" (the "Debt Collection Letter"). A true and accurate copy of the Debt Collection Letter is attached hereto as Exhibit 1.[1]

13. In the Debt Collection Letter, Shechtman advised Ms. Jenner that it had been retained by Citizens Bank, N.A.("Citizens") "in connection with the mortgage loan on the above-referenced property." Exhibit 1, *Debt Collection Letter*, at 1 (emphasis added).

14. In the Debt Collection Letter, Shechtman advised Ms. Jenner that Citizens had "accelerated all sums due and owing" and set forth the total amount "due." Id.

15. In the Debt Collection Letter, Shechtman noted that "the amount due on the day you pay may be greater." Id.

16. In the Debt Collection Letter, Shechtman noted that if Ms. Jenner "pay[s] the amount shown above, an adjustment may be necessary after [Shechtman] receives [Ms. Jenner's] check, in which event [Shechtman] will inform [Ms. Jenner] before depositing the check for collection." Id.

17. In the Debt Collection Letter, Shechtman reserved, on behalf of Citizens, "the right to pursue any deficiency remaining after foreclosure . . . ." Id.

---

[1] The loan number has been redacted.

18. In the Debt Collection Letter, Shechtman notified Ms. Jenner that:

> Unless you notify Shechtman Halperin Savage, LLP within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you notify Shechtman Halperin Savage, LLP of your dispute in writing within 30 days after receiving this notice, we will obtain verification of the debt and will mail you a copy of such verification. Upon written request, within the 30-day period, Shechtman Halperin Savage, LLP will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose.

19. Ms. Jenner was not a borrower under any relevant promissory note and was not liable for the alleged debt.

20. Ms. Jenner held, and holds, no interest in the relevant property and is not the mortgagor under the relevant mortgage.

21. Presumably, the sole reason that Ms. Jenner received this notice is that she is an heir at law to the borrower/mortgagor Russell John Woodard. Mr. Woodard passed away in September 2016.

22. Ms. Jenner is not the executrix of Mr. Woodard's estate or otherwise authorized to act, or receive debt collector communications, on its behalf.

23. Mr. Woodard was a consumer. His debt is an obligation or alleged obligation to pay money arising out of a transaction in which the money and property which are the subject of the transaction were primarily for personal, family, or household purposes.

24. This Debt Collection Letter is wholly unrelated to the foreclosure process because there is no Rhode Island law which requires notice of a foreclosure sale to be provided to the

heirs of a deceased mortgagor. In fact, there is no Rhode Island law related to the foreclosure process which requires notice to anyone other than the mortgagor.[2]

25. Upon receiving the Debt Collection Letter, Ms. Jenner—who is a fifty-nine (59) year old woman who lives alone—believed that she was somehow responsible for Mr. Woodard's debt.

26. Because the Debt Collection Letter led Ms. Jenner to believe that Shechtman intended to collect the debt from her, she contacted Shechtman three times over the course of a week but received no response during that week.

27. After her third unsuccessful attempt to speak with someone from Shechtman, Ms. Jenner finally did speak with someone working at that firm. That person told Ms. Jenner to "not worry" about the Debt Collection Letter.

28. The purpose of the Debt Collection Letter was to confuse or coerce Ms. Jenner into making payments towards a debt that was not hers.

29. Upon information and belief, the Debt Collection Letter is a form letter routinely sent to non-borrowers and non-mortgagors in an effort to confuse or coerce them into paying debts for which they are not liable.

## Class Allegations

30. Ms. Jenner brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

---

[2] Pursuant to R.I. Gen. Laws § 34-27-3.2(c)(9), notice of the statutorily-required pre-foreclosure mediation process must be provided to heirs of a mortgagor only if the heir occupies the property and has a recorded interest in the property. Neither condition exists in this case and the Debt Collection Letter does not purport to constitute notice of this mediation process. Moreover, any such notice must be sent to the relevant property, not to the home of the relevant heir.

31. The class consists of all individuals who, in the year preceding the filing of this complaint, were mailed a notice substantially similar to the Debt Collection Letter from Shechtman in connection with the collection of a debt secured by property located in Rhode Island where the addressee: (1) did not owe the debt that is the subject of the notice; and (2) was not a mortgagor under the relevant mortgage (the "Class").

32. The Class is so numerous that joinder of all members is not practicable.

33. On information and belief, there are hundreds if not thousands of Class members.

34. There are questions of law and fact common to the Class members, which common questions predominate over any questions relating to individual Class members. The predominant common questions are: (1) whether notices substantially similar to the Debt Collection Letter, when sent to a non-borrower and non-mortgagor, constitute the collection of a debt; and (2) whether notices substantially similar to the Debt Collection Letter, when sent to a non-borrower and non-mortgagor, constitute violations of the FDCPA

35. Ms. Jenner's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

36. Ms. Jenner will fairly and adequately represent the Class members. Ms. Jenner has retained counsel experienced in FDCPA litigation.

37. A class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the Class are likely to be unaware of their rights, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## **COUNT I - FDCPA**

38. Ms. Jenner restates and realleges paragraphs 1-37 as if set forth fully herein.

39. The Debt Collection Letter, and notices substantially similar to it, is both a deceptive collection practice, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(7), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

40. The Debt Collection Letter, and notices substantially similar to it, violates 15 USC § 1692c(b) in that it constitutes an unlawful and unexcused communication with a third party, other than the consumer as defined by 15 USC § 1692c(d), in connection with the collection of a debt.

41. As a result of Shechtman's violations of the FDCPA, Ms. Jenner and the Class are entitled to actual and statutory damages pursuant to 15 U.S.C. §§ 1692k(a)(1) and (2)(B), in an amount to be determined at trial by a jury, and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Shechtman.

WHEREFORE, Ms. Jenner respectfully requests that this Court enter judgment in favor of Ms. Jenner and the Class and against Shechtman:

1. Granting certification of the proposed Class, including appointment of Plaintiffs' counsel as Class Counsel;

2. Temporarily and permanently enjoining Shechtman from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint, including but not limited to prohibiting Shechtman from mailing or otherwise causing to be delivered notices substantially similar to the Debt Collection Letter without unambiguous and conspicuous disclosures concerning the addressee's liability for the debt and the reason for the notice;

3. Awarding damages, including statutory damages, actual damages including emotional and other distress, and punitive damages;

4. Awarding Attorneys' fees, litigation expenses, and costs of suit;

5. Ordering Shechtman to pay both pre- and post-judgment interest on any amounts awarded;

6. A declaration that the Debt Collection Letter, and notices substantially similar, constitute violations of the FDCPA and Shechtman may not send such notices without unambiguous and conspicuous disclosure that the addressee is not liable for the debt and the reason for the notice; and

7. Such other and further relief the Court deems just.

## JURY DEMAND

Ms. Jenner hereby demands a jury on all claims so triable.

                                                  LINDA A. JENNER, on behalf of herself and others similarly situated

By Her Attorney,

ENRIGHT LAW LLC

/s/ Thomas J. Enright
Thomas J. Enright (#7356)
696 Reservoir Avenue
Cranston, RI 02910
(401) 526-2620
(401) 457-7117  FAX
tom@enrightlawoffice.com

DATED:  August 22, 2017